■ CARMINE SICCA, Respondent, v DCSF TRUST, Defendant, FLORENCE D. ZABOKRITSKY, Appellant, and JIMMY GARBER et al., Respondents. [993 NYS2d 723]—

In an action to recover damages for personal injuries, the defendant Florence D. Zabokritsky appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated November 28, 2012, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her on the ground that she was not at fault in the happening of the subject accident, and dismissing the complaint

insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The appellant, an operator of a motor vehicle involved in a three-car collision, failed to demonstrate, prima facie, that she was completely free from negligence in the happening of the accident (*cf. Summers v Teddy Cab Corp.*, 50 AD3d 671, 672 [2008]; *see generally* Vehicle and Traffic Law § 1128 [a]).

The appellant also failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the appellant failed to adequately address the plaintiff's claim, set forth in his bills of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the appellant did not sustain her prima facie burden with respect to either issue, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see id.*). Therefore, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, made on the ground that she was not responsible for the plaintiff's injuries, and properly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against her, made on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.